1

2          IN THE UNITED STATES DISTRICT COURT FOR THE
                WESTERN DISTRICT OF MISSOURI
3                     SOUTHERN DIVISION

4

UNITED STATES OF AMERICA,     ) Case No. 13-05054-01-CR-SW-BCW
5                             )
              Plaintiff,      ) Springfield, Missouri
6                             ) April 18, 2016
v.                            )
7                             )
JEDEDIAH STOUT,               )
8                             )
              Defendant.      )
9  _____)

10           TRANSCRIPT OF HEARING ON WAIVER OF INDICTMENT,
       FILING OF INFORMATION AND PLEA TO SUPERSEDING INFORMATION
11            BEFORE THE HONORABLE DAVID P. RUSH
                UNITED STATES MAGISTRATE JUDGE
12

APPEARANCES:
13

For the Plaintiff:          James J. Kelleher, Esq.
14                          Assistant United States Attorney
                            901 St. Louis St., Ste. 500
15                          Springfield, MO  65806
                            (417) 831-4406
16

For the Defendant:          David R. Mercer, Esq.
17                          Federal Public Defender's Off.
                            901 St. Louis St., Ste. 801
18                          Springfield, MO  65806
                            (417) 873-9022
19

Court Audio Operator:       Mr. C. Steve Burch
20

Transcribed by:             Rapid Transcript
21                          Lissa C. Whittaker
                            1001 West 65th Street
22                          Kansas City, MO  64113
                            (816) 914-3613
23

24

Proceedings recorded by electronic sound recording, transcript
25 produced by transcription service.

1    (Court in Session at 9:41 a.m.)

2    THE COURT:  Calling in the *United States vs. Jedediah*

3  *Stout.*  The defendant appears in person, along with his attorney,

4  Mr. David Mercer.  The United States appears by Assistant United

5  States Attorney, Mr. Jim Kelleher.  This matter is set this

6  morning for a Waiver of Indictment, the filing of a four-count

7  Information and then a plea to that Information.  It's a

8  Superseding Information.  Mr. Stout, have you seen the

9  Information that the Government proposes to file in your case?

10    MR. STOUT:  Yes, Your Honor.

11    THE COURT:  Do you understand that because the maximum

12  penalty contained in that Information exceeds one year, that you

13  have an absolute right to have that matter presented to a federal

14  Grand Jury?

15    MR. STOUT:  Yes, Your Honor.

16    THE COURT:  And, Mr. Stout, I'm going to briefly

17  describe for you the Grand Jury process, and then just ask two

18  follow-up questions about the Waiver of Indictment.  A Grand Jury

19  would consist of not more than 23 persons and not less than 16

20  persons, and they would listen to the evidence presented by the

21  United States.  If not satisfied with the scope of that evidence,

22  they could subpoena evidence themselves.  And if after hearing it

23  all, they found probable cause to believe that these offenses had

24  been committed and you committed them, then they would return an

25  indictment, and that would be the charge against you.  If they

1  did not so find, this charge could not be filed.  The only way

2  that the Government could file this Information without going

3  through the Grand Jury process, as I've just described, is with

4  your informed knowledge and consent.  Now, you've signed a Waiver

5  of Indictment, and your attorney has signed it also.  Do you

6  understand that you have a right to have this matter presented to

7  the federal Grand Jury?

8          MR. STOUT:  Yes, Your Honor.

9          THE COURT:  And is it your desire, understanding that,

10 this will allow the Government -- is it your desire to give up

11 that right, understanding that this will allow the Government to

12 file the Information?

13         MR. STOUT:  Yes, Your Honor.

14         THE COURT:  I'm going to sign the Waiver of Indictment

15 finding that the waiver is made with the defendant's informed

16 knowledge and consent.  Mr. Stout, you have also signed a consent

17 to have these proceedings for a plea of guilty before a

18 Magistrate Judge, with the understanding that a United States

19 District Judge, a judge of higher jurisdiction, will keep your

20 case for acceptance of the plea of guilty and sentencing.  Even

21 though you signed this consent, you have a right, if you wish, to

22 appear before a United States District Judge, a judge of higher

23 jurisdiction, for these proceedings.  At any appearance before

24 the District Judge, you're presumed innocent until such time, if

25 ever, as the Government establishes your guilt beyond a

1 reasonable doubt to the satisfaction of a judge or jury. You
2 always have a right to confront and cross-examine witnesses. You
3 have a right to use the power of the court to subpoena evidence
4 on your behalf, and you have a right to testify or not testify as
5 you would choose. And if you chose not to testify it would not
6 be held against you as that is your right. If, after
7 understanding the charges against you, the range of punishment,
8 if convicted, and your right to appear before a District Judge,
9 if you wish, you may waive or give up that right and proceed this
10 morning before the Magistrate Judge. As I indicated, you just
11 recently signed such a consent. Do you understand that you have
12 a right to appear before a United States District Judge, a judge
13 of higher jurisdiction, for these proceedings?

14          MR. STOUT: Yes, Your Honor.

15          THE COURT: And is it your desire to give up that right
16 and proceed this morning before the Magistrate Judge?

17          MR. STOUT: Yes, Your Honor.

18          THE COURT: Mr. Stout, do you understand the charge
19 against you in Count One of the Superseding Information in this
20 case?

21          MR. STOUT: Yes, Your Honor.

22          THE COURT: Do you understand that if convicted of the
23 charge in Count One, that the minimum penalty the court may
24 impose -- (clearing throat) excuse me -- is not less than five
25 years, while the maximum penalty the Court may impose is not more

1  than 20 years imprisonment, not more than a $250,000 fine, not
2  more than three years supervised release and a $100 mandatory
3  special assessment?

4          MR. STOUT:  Yes, Your Honor.

5          THE COURT:  And to the charge in Count One of the
6  Superseding Information, how do you wish to plead, guilty or not
7  guilty?

8          MR. STOUT:  Guilty, Your Honor.

9          THE COURT:  Mr. Stout, do yo understand the charge
10  against you in Count Two of the Superseding Information that's
11  been filed in this case?

12          MR. STOUT:  Yes, Your Honor.

13          THE COURT:  Do you understand that if convicted of the
14  charge in Count Two that again the minimum penalty the Court may
15  impose is not less than five years imprisonment, while the
16  maximum penalty the Court may impose is more than 20 years
17  imprisonment, not more than a $500,000 fine, not more than three
18  years supervised release and a $100 mandatory special assessment?

19          MR. STOUT:  Yes, Your Honor.

20          THE COURT:  And to the charge in Count Two, how do you
21  wish to plead, guilty or not guilty?

22          MR. STOUT:  Guilty, Your Honor.

23          THE COURT:  And just for the ease of the record,
24  whenever I refer to whatever count, it is to the Superseding
25  Information.  Mr. Stout, do you understand the charge against you

1   in Count Three in this case?

2         MR. STOUT: Yes, Your Honor.

3         THE COURT: And do you understand that if convicted of

4   the charge in Count Three, that the maximum penalty the court may

5   impose is not more than 20 years imprisonment, not more than a

6   $250,000 fine, not more than three years supervised release and a

7   $100 mandatory special assessment?

8         MR. STOUT: Yes, Your Honor.

9         THE COURT: And to the charge in Count Three, how do you

10   wish to plead, guilty or not guilty?

11         MR. STOUT: Guilty, Your Honor.

12         THE COURT: Mr. Stout, do you understand the charge

13   against you in Count Four of the Information in this case?

14         MR. STOUT: Yes, Your Honor.

15         THE COURT: And do you understand that if convicted of

16   the charge in Count Four, that the maximum penalty that the court

17   may impose is not more than one year imprisonment, not more than

18   a $250,000 fine, not more than one year supervised release, and

19   because it's a Class A misdemeanor, it would be, I assume, a $25

20   special assessment. Do you understand that?

21         MR. STOUT: Yes, Your Honor.

22         THE COURT: And to the charge in Count Four, how do you

23   wish to plead, guilty or not guilty?

24         MR. STOUT: Guilty, Your Honor.

25         THE COURT: Would you please raise your right hand?

1            JEDEDIAH STOUT, DEFENDANT, SWORN

2            THE COURT:  Mr. Stout, has anyone made any threat of any

3   kind to force you to plead guilty or give up any of the other

4   rights that we've discussed this morning?

5            MR. STOUT:  No, Your Honor.

6            THE COURT:  You've signed a Plea Agreement -- no --

7   yeah, you've signed a Plea Agreement.  Have you read that and

8   gone over it with Mr. Mercer?

9            MR. STOUT:  Yes.

10           THE COURT:  Do you understand what's in it?

11           MR. STOUT:  Yes.

12           THE COURT:  Other than what is contained in the Plea

13  Agreement, has anyone made any promise of any kind to induce you

14  or overcome your will to get you to plead guilty or give up any

15  of the other rights we've discussed?

16           MR. STOUT:  No, they have not.

17           THE COURT:  I mentioned to you that there is a

18  supervised release term of not more than three years that could

19  be imposed in your case on Counts One, Two and Three, and a

20  supervised release term of not more than one year that could be

21  imposed in your case on Count Four.  Do you understand that if

22  those terms were imposed and then revoked for any reason, that

23  you could be required to serve an additional term of imprisonment

24  of not more than two years as to Counts One, Two and Three and

25  not more than one year as to Count One, and if that happened --

1  or Count Four -- excuse me -- and if that happened, you would

2  receive no credit for any other time you'd spent either in

3  custody or on release?  Do you understand that?

4          MR. STOUT:  I understand.

5          THE COURT:  And do you understand that the court could

6  then impose an additional term of supervised release as to each

7  of these counts, which is governed by the maximum of the statute,

8  minus any time you'd spent in custody as a result of a violation?

9          MR. STOUT:  Yes, I understand.

10         THE COURT:  Do you understand that from a sentence

11 imposed in your case that there is no parole?

12         MR. STOUT:  Yes, I understand.

13         THE COURT:  Do you understand that there are Sentencing

14 Guidelines to which the District Court would refer in an advisory

15 capacity when attempting to fashion a reasonable sentence in your

16 case?

17         MR. STOUT:  Yes, I understand.

18         THE COURT:  There are guideline calculations in your

19 Plea Agreement.  Have you discussed the guidelines with Mr.

20 Mercer?

21         MR. STOUT:  Yes, I've discussed it with him.

22         THE COURT:  And do you understand them?

23         MR. STOUT:  Yes.

24         THE COURT:  Do you understand that the final decision as

25 to how the guidelines are calculated and ultimately what sentence

1 will be imposed rests with the District Judge?

2 　　　　MR. STOUT:  Yes, I understand.

3 　　　　THE COURT:  If the District Judge would calculate the

4 guidelines differently from what is in the Plea Agreement, from

5 what you've discussed with your attorney, that fact would not

6 give you the right to withdraw or change your plea of guilty.  Do

7 you understand that?

8 　　　　MR. STOUT:  Yes, I understand.

9 　　　　THE COURT:  Once the District Judge establishes the

10 advisory guideline range, in some circumstances, you could be

11 sentenced above that range, and in other circumstances, you could

12 be sentenced below that range.  And again, the judge's decision,

13 if you disagreed, would not give you the right to withdraw your

14 plea of guilty.  Do you understand that?

15 　　　　MR. STOUT:  Yes, Your Honor.

16 　　　　THE COURT:  Now, Mr. Stout, you have a right to a trial

17 by jury with all the protections that I explained to you at the

18 beginning of these proceedings.  Do you understand your right to

19 a trial by jury?

20 　　　　MR. STOUT:  Yes, Your Honor.

21 　　　　THE COURT:  And do you understand that if the court

22 accepts your pleas of guilty, that there won't be a trial?

23 　　　　MR. STOUT:  Yes, Your Honor.

24 　　　　THE COURT:  I'm going to ask you about the offenses

25 charged in Counts One through Four.  I would remind you that you

are under oath.  You must answer truthfully.  Any false answers

could result in charges of false swearing or perjury.  You always

have the right to remain silent.  And I want to refer you to your

Plea Bargain Agreement, specifically beginning on page 2, Section

3 or Paragraph 3, which is entitled in bold **Factual Basis for**

**Guilty Plea**.  That continues throughout the remainder of page 2,

the entirety of pages 3, 4, 5, 6 and then on to a portion of page

7.  Mr. Stout, have you read Section 3 and gone over it with Mr.

Mercer?

MR. STOUT:  Yes, I have, Your Honor.

THE COURT:  And are the statements contained in Section

3 true?

MR. STOUT:  Yes, they are.  Except for one word,

"device."  It should be changed to "Molotov."

THE COURT:  And where would that be?

MR. STOUT:  The second paragraph.

MR. MERCER:  I think, Your Honor, it's on page 6.  It's

right in the middle of the page.  I think his concern is after

the word "backpack" is the word "device."  And I think that he

just wants to make clear that this was not any kind of

complicated device, just simply a backpack that had accelerant.

MR. STOUT:  It was a juice portal with lawnmower gas in

it.  And a bed sheet for, rope toy tied to it.  Seriously, it was

just a Molotov.

MR. MERCER:  I don't think that would impact the Factual

1  Basis.

2      THE COURT:  Well, in reading that very first paragraph,

3  describing the second sentence in the first paragraph on page 6,

4  it says, "The bottle was then placed into a backpack with the

5  rope toy used as a fuse to ignite the package and that Stout also

6  admitted that he used a similar device during the second arson

7  attempt the following night, using lamp oil instead of gasoline

8  and strips of a sheet as a fuse."  And then, is that what you're

9  taking issue with?  But that describes what your --

10      MR. STOUT:  That's fine, Your Honor.

11      THE COURT:  All right.  So --

12      MR. STOUT:  Just the idea of a Molotov compared to a

13  complicated device.

14      THE COURT:  Well, and in reading this, I think you said

15  you used the same backpack device, but that's the device that was

16  just described up there in the beginning paragraph, which as

17  you've said, does not sound like it's overly complicated.  So,

18  with that just clarification, are the statements contained in

19  Section 3 true?

20      MR. STOUT:  That's fine, Your Honor.  It's true.

21      THE COURT:  All right.  Mr. Mercer, you've had access to

22  the Government's discovery file in this case, have you not?

23      MR. MERCER:  I have, Your Honor.

24      THE COURT:  And based upon your review of the file, are

25  you satisfied, if put to proof, that the Government could make a

1 submissible case as to all the elements pertaining to Counts One

2 through Four of the Superseding Information as set out in Section

3 3 of the Plea Agreement?

4      MR. MERCER:  Yes, Your Honor.

5      THE COURT:  There is an adequate factual basis for the

6 pleas of guilty to Counts One, Two, Three and Four of the

7 Superseding Information.  I find that the plea is voluntary and

8 did not result from force, threats or promises, other than those

9 in the Plea Agreement.  Mr. Stout, you are represented in this

10 case by Mr. Mercer.  Have you had enough time to talk with him

11 about your case?

12      MR. STOUT:  Yes, Your Honor.

13      THE COURT:  And are you satisfied with the advice that

14 he's given you?

15      MR. STOUT:  Yes, Your Honor.

16      THE COURT:  The law requires me to ask you if this

17 morning you are on any medication prescribed by a physician or

18 any drugs or alcohol of any kind which would affect your ability

19 to understand these proceedings?

20      MR. STOUT:  No, Your Honor. I'm just on like 100 mg. of

21 Zoloft, and that has no real effect.

22      THE COURT:  And so, you've had --

23      MR. STOUT:  That's what I've been prescribed for the

24 past two years.

25      THE COURT:  And you've had no trouble understanding that

1    we've discussed this morning.

2         MR. STOUT:  No trouble at all.

3         THE COURT:  And, Mr. Mercer, you've had numerous

4    opportunities to interact with the defendant.  Is there any doubt

5    as to whether or not he understands and can understand the nature

6    of these proceedings?

7         MR. MERCER:  No, Your Honor.

8         THE COURT:  Mr. Stout, the Plea Bargain Agreement that

9    you've signed also has what we refer to as an Appeal Waiver.  It

10   is set forth in Paragraph 15, on pages 14 and 15 of your Plea

11   Bargain Agreement, and it is entitled in bold **Waiver of Appellate**

12   **and Post-Conviction Rights**.  I'll give your attorney a chance to

13   go to that section.  So, again, I'd refer you to Section 15 or

14   Paragraph 15, which is entitled **Waiver of Appellate and Post-**

15   **Conviction Rights.**  Have you read Section 15 and gone over it

16   with Mr. Mercer?

17        MR. STOUT:  Somewhat.  Briefly.

18        THE COURT:  And what my follow-up question is do you

19   understand that by signing this Plea Agreement, that you've given

20   up those rights to appeal as set out in Paragraph 15?

21        MR. STOUT:  Yes, Your Honor.

22        THE COURT:  Understanding that and the other matters

23   that we've discussed this morning, is it your desire for the

24   Court to accept these pleas of guilty?

25        MR. STOUT:  Yes, Your Honor.

1    THE COURT:  Ms. Kelleher, on behalf of the United

2 States, do you have any other record under Rule 11 that you think

3 I need to make?

4    MR. KELLEHER:  No, Your Honor.

5    THE COURT:  Mr. Mercer, on behalf of the defendant, do

6 you have any other record under Rule 11 that you think I need to

7 make?

8    MR. MERCER:  No, Your Honor.

9    THE COURT:  I will recommend the pleas of guilty be

10 accepted, and I will order a Presentence Investigation to be

11 conducted by the Probation Office.  Is there anything further

12 from either side?

13    MR. KELLEHER:  No, Your Honor.  Thank you.

14    MR. MERCER:  No, Your Honor.

15    THE COURT:  That will conclude this matter.

16                    (Off Record Talking)

17                (Court Adjourned at 9:58 a.m.)

18

19

20

21

22

23

24

25

1

2

3

4

5

6

7

8

9         I certify that the foregoing is a correct transcript

from the electronic sound recording of the proceeding in the

10   above-entitled matter.

11

12         /s/ Lissa C. Whittaker        April 20, 2016
           Signature of transcriber          Date

13

14

15

16

17

18

19

20

21

22

23

24

25