# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **JUDGMENT IN A CRIMINAL CASE** |
| v. | § § § | Case Number: **3:13-CR-05054-BCW(1)** |
| **JEDEDIAH STOUT** | § § § | USM Number: **26133-045** <br> **David R. Mercer** <br> Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1 through 4 of a four-count Superseding Information on April 18, 2016 before a U.S. Magistrate Judge, which was accepted on May 6, 2016.

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18 U.S.C. § 844(i) Arson | 10/03/2013 | 1s |
| 18 U.S.C. § 844(i) Arson | 10/04/2013 | 2s |
| 18 U.S.C. § 247(a)(1) Damage to Religious Property | 08/06/2012 | 3s |
| 18 U.S.C. § 248(a)(3) Freedom of Access to Clinic Entrances Act | 10/03/2013 | 4s |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ The original Indictment ☒ is ☐ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 18, 2016**
Date of Imposition of Judgment

/s/Brian C. Wimes
Signature of Judge

**JUDGE BRIAN C. WIMES**
**UNITED STATES DISTRICT COURT**
Name and Title of Judge

**October 19, 2016**
Date

DEFENDANT:　　　JEDEDIAH STOUT
CASE NUMBER:　　3:13-CR-05054-BCW(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

63 months as to counts, 1, 2, and 3; and 12 months as to count 4, all counts to run concurrent.

☐　The court makes the following recommendations to the Federal Bureau of Prisons:

☒　The defendant is remanded to the custody of the United States Marshal.

☐　The defendant shall surrender to the United States Marshal for this district:

　　☐　at　　　　　　　　　　　☐　a.m.　　☐　p.m.　　on

　　☐　as notified by the United States Marshal.

☐　The defendant shall surrender for service of sentence at the institution designated by the Federal Bureau of Prisons:

　　☐　before 2 p.m. on
　　☐　as notified by the United States Marshal.
　　☐　as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

　　Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

DEFENDANT: JEDEDIAH STOUT
CASE NUMBER: 3:13-CR-05054-BCW(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **three (3) years on Counts 1, 2, and 3; and 1 year on Count 4, all to run concurrent.**

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Federal Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case  Judgment -- Page 4 of 5

DEFENDANT: JEDEDIAH STOUT
CASE NUMBER: 3:13-CR-05054-BCW(1)

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following special conditions:

a) The defendant shall apply all monies received from income tax refunds, tax refunds, lottery/gambling winnings, judgments, and/or other anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

b) Provide the Probation Office with access to any requested financial information.

c) Not incur new credit charges or open additional lines of credit without the approval of the Probation Office, while court-ordered financial obligations are outstanding.

d) Successfully participate in any substance abuse testing program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office, and pay any associated costs as directed by the Probation Office.

e) Successfully participate in any mental health counseling program, as approved by the Probation Office, and pay any associated costs, as directed by the Probation Office.

f) The defendant shall submit his person and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

g) The defendant shall stay at least 1000 feet away from any facility that is known by the defendant to provide reproductive health care that includes pregnancy termination services.

h) The defendant shall be subject to the Global Positioning Monitoring Systems (GPS) including exclusion zones as determined by the Probation Office.

**ACKNOWLEDGMENT OF CONDITIONS**

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____ _____
Defendant  Date

_____ _____
United States Probation Officer  Date

DEFENDANT:     JEDEDIAH STOUT
CASE NUMBER:   3:13-CR-05054-BCW(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties as set forth below:

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $325.00 | $.00 | $701,971.55 |

☒ The defendant shall pay to the United States, a special assessment in the amount of $325.00, due immediately.

☒ Since the Court finds that the defendant does not have the ability to pay a fine, the fine is waived.

☒ Restitution is ordered in the amount of $701,971.55 as to Counts 1 and 2. A lump sum payment of the full amount is ordered due immediately. If unable to pay the full amount immediately, while incarcerated, the defendant shall make monthly payments of $25 or at least 10 percent of earnings, whichever is greater, and while on supervised release, monthly payments of $100 or 10 percent of gross income, whichever is greater, to commence 30 days from release from incarceration. Restitution (including community restitution) to the following payees in the amount listed below:
**Columbia Insurance Group, 124 Iowa Avenue., Salina, KS  67401**

☒ Since the Court finds that the defendant does not have the ability to pay interest, any interest is waived.

☒ Notwithstanding any other provision of this order, the Government may enforce restitution at any time.

☒ Pursuant to 18 U.S.C. 3612(g), the defendant may be subject to delinquent and default penalties.

☐ The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, United States District Court, 400 East 9th Street, Room 1150, Kansas City, MO  64106.

The defendant shall notify, within 30 days, the Clerk of the Court and the U.S. Attorney's Office, Financial Litigation Unit, 400 East 9th Street, Room 5510, Kansas City, MO, 46106 of: 1) any change of name, residence, or mailing address; and 2) any material change in economic circumstances that affects the ability to pay restitution.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.